IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CARL MASZTAL | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:08CV277-HSO-JMR |
| | § | |
| MERITPLAN INSURANCE COMPANY | § | DEFENDANT |

**ORDER AND REASONS GRANTING DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND DISMISSING CASE WITH PREJUDICE**

This cause comes before the Court upon the Motion of Defendant Meritplan

Insurance Company ["Meritplan" or "Defendant"], filed September 22, 2008 [7-1], to

Compel Arbitration.  Plaintiff Carl Masztal has not filed, and has informed the

Court that he will not file, a Response to the Motion.  The Court, having considered

the record, the pleadings on file, the brief and argument of Defendant, and the

relevant legal authorities, finds that Plaintiff should be compelled to arbitrate all of

his claims against Defendant in this case.  Accordingly, the Court finds that

Defendant's Motion to Compel Arbitration should be granted, and this case should

be dismissed with prejudice.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

Plaintiff initiated this case by filing a Complaint [1-1] on June 30, 2008.  The

action stems from the purported destruction by Hurricane Katrina of real and

personal property owned by Plaintiff.  Plaintiff contends that this damage was a

covered loss under his homeowner's insurance policy with Defendant.  *See* Compl.,

at pp. 2-3.  Plaintiff alleges that he provided written notice to Defendant of his

damages during the policy period, but that Defendant failed to adequately and sufficiently adjust his losses and denied his claim, thereby causing him economic loss and mental distress.  *See id.* at pp. 3-4.  Plaintiff asserts claims against Defendant for breach of contract, breach of the duty of good faith and fair dealing, gross negligence/reckless disregard for Plaintiff's rights, bad faith and tortious breach of contract, waiver and estoppel, and negligent infliction of emotional distress.  *See id.* at pp. 5-13.  All of these claims relate to Plaintiff's homeowner's insurance policy with Defendant, which contains an arbitration provision.

Defendant filed its Motion, seeking to compel arbitration of Plaintiff's claims against it pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*  Defendant also asks the Court to dismiss, or alternatively to stay, this action pending conclusion of the arbitration.  *See* Mot. to Compel, at p. 5.

## II.  DISCUSSION

Courts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute.  *See Webb v. Investacorp., Inc.*, 89 F.3d 252, 257-58 (5th Cir. 1996).  First, a court must determine whether the parties agreed to arbitrate the dispute in question.  This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.  *See Webb*, 89 F.3d at 257-58.  The second step involves the determination of "whether legal constraints external to the parties' agreement

foreclosed the arbitration of those claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

## A.   Is There a Valid Agreement to Arbitrate Between the Parties?

"Although there is a strong federal policy favoring arbitration, this federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003)(internal quotations and citations omitted).  The question of whether the parties agreed to arbitrate a dispute is governed by state contract law.  *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  Additionally, the question of whether the parties agreed to arbitrate is a question for a court, not an arbitrator, to decide.  *See Will-Drill Res., Inc.*, 352 F.3d at 219.

> [I]nsurance policies are matters of contract and the interpretation of insurance contracts is according to the same rules which govern other contracts.  In order to have an enforceable insurance contract, the essential elements are an offer and an acceptance, supported by consideration. When the insurance company's offer to issue the insurance is accepted by the insured and premium payment is made, the contract is formed and the right and obligations of the respective parties "lock in."

*Krebs v. Strange*, 419 So. 2d 178, 181 (Miss. 1982).

In his Complaint, Plaintiff asserts that he "entered into a contract with Meritplan Insurance and paid Meritplan Insurance's annual premiums."  Compl., at p. 3.  There is no dispute that an enforceable contract was formed.  The insurance policy contains the arbitration provision that is the subject of this Motion.  *See* Policy, at pp. 8-9, attached as Ex. "B" to Mot.

3

Plaintiff has not responded to Meritplan's Motion to Compel, nor has he presented any arguments or reasons why the arbitration agreement is not valid and binding.  Nor has Plaintiff asserted any contractual defenses.  The Court finds that the arbitration provision in this case is a valid agreement to arbitrate between the parties.

In its Motion, Meritplan has raised the issue of whether Plaintiff is a "signatory" to the arbitration provision.  Even though Plaintiff was a party to the contract, Meritplan notes that he did not sign the Acknowledgment of Arbitration Agreement attached thereto.  *See* Policy, at p. 9, attached as Ex. "B" to Mot.  Even assuming Plaintiff could be considered a "non-signatory," he can still be compelled to arbitrate under a theory of direct-benefit estoppel.  *See Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 361-62 (5th Cir. 2003).

The direct-benefit estoppel doctrine applies when a non-signatory knowingly exploits the agreement containing the arbitration clause.  *See id.*  During the life of the contract in question, Plaintiff has embraced the insurance policy containing the arbitration clause for his benefit.  The purported breach of this Agreement is the basis for all of the claims Plaintiff has asserted against Meritplan.  *See* Compl., at pp. 5-13.  Therefore, it is clear that even if Plaintiff is a "non-signatory," he can nevertheless be compelled to arbitrate his claims in this case, as long as the dispute falls within the scope of the arbitration provision and there are no legal constraints external to the agreement which foreclose arbitration.  *See Bridas S.A.P.I.C.*, 345

4

F.3d at 361-62; *see also Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464

F.3d 514, 517-18 (5th Cir. 2006).

**B.      Does the Dispute in Question Fall within the Scope of the Arbitration Provision?**

A strong presumption exists in favor of arbitration.  *See Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Vicksburg*

*Partners, L.P. v. Stephens*, 911 So. 2d 507, 513-14 (Miss. 2005); *Terminix Int'l, Inc.*

*v. Rice*, 904 So. 2d 1051, 1054 (Miss. 2004).  Accordingly, "[a]ny doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration, whether the

problem at hand is the construction of the contract language itself or an allegation

of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone*, 460 U.S. at

24-25; *see also First Family Fin'l Servs., Inc. v. Fairley*, 173 F. Supp. 2d 565, 569

(S.D. Miss. 2001) (*citing Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000)).  Indeed,

the Fifth Circuit has stated that arbitration should not be denied "unless it can be

said with positive assurance that an arbitration clause is not susceptible of an

interpretation which would cover the dispute at issue."  *Nat'l Iranian Oil Co. v.*

*Ashland Oil, Inc.*, 817 F.2d 326, 335 (5th Cir. 1987).

In this case, the arbitration provision covers

ANY LEGAL ACTION, CONTROVERSY, DISPUTE OR CLAIM
ARISING OUT OF OR RELATING IN ANY MANNER TO THIS POLICY
OR THE RELATIONSHIP RESULTING FROM THIS POLICY,
INCLUDING BUT NOT LIMITED TO ISSUES RELATING TO THE
NEGOTIATION, OFFERING, ISSUANCE, RENEWAL, PLACEMENT
OR SALE OF THIS POLICY, CLAIMS BASED ON OR ARISING FROM
AN ALLEGED TORT OR CLAIMS SEEKING ANY FORM OF REMEDY

IN TORT, CONTRACT OR EQUITY, AND ANY OTHER LEGAL
ACTION AGAINST US OR AGAINST YOU . . . .

*See* Policy, at p. 8, attached as Ex. "B" to Mot.

This type of language is interpreted broadly.  "The Mississippi Supreme
Court has noted that broad terms defining the scope of an arbitration agreement
such as 'any controversy' are 'broad sweeping' and expansive enough to include
most claims related to the contract in question."  *New South Fed'l Savings Bank v.
Anding*, 414 F. Supp. 2d 636, 651 (S.D. Miss. 2005) (*citing Smith Barney, Inc. v.
Henry*, 772 So. 2d 722, 725-26 (Miss. 2001)).

The contract in this case contains both narrow language, "arising out of," and
broad language, "relating in any manner to."  "[C]ourts distinguish 'narrow'
arbitration clauses that only require arbitration of disputes 'arising out of' the
contract from broad arbitration clauses governing disputes that 'relate to' or 'are
connected with' the contract."  *Pennzoil Exploration & Prod. Co. v. Ramco Energy*,
139 F.3d 1061, 1067 (5th Cir. 1998).  The Fifth Circuit has held that arbitration
clauses containing the language "relate to" or "are connected with" are broad
clauses that "are not limited to claims that literally 'arise under the contract,' but
rather embrace all disputes having a significant relationship to the contract
regardless of the label attached to the dispute."  *Id.*

Plaintiff's claims against Meritplan all stem from the alleged breach of the
homeowner's insurance policy in this case, and therefore, all arise out of or relate to
the contract containing the arbitration provision.  Accordingly, the Court concludes

that Meritplan is entitled to enforce the arbitration clause.  An order compelling arbitration should issue in this case.  *See Heinhuis v. Venture Assoc., Inc.*, 959 F.2d 551, 554 (5th Cir. 1992).

**C.   Are There Any Legal Constraints External to the Agreement which Foreclose Arbitration?**

Plaintiff has not presented, and Court does not find, any legal constraints external to the Agreement which foreclose arbitration.  The Court is of the opinion that arbitration of Plaintiff's claims against Mertiplan is therefore appropriate.

## III.  CONCLUSION

After considering the record and evidence on file, as well as the applicable law, and for the reasons more fully stated herein, the Court finds that Mertiplan's Motion to Compel Arbitration must be granted.  Because "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration," the Court finds that the instant case should be dismissed with prejudice, rather than stayed.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis in original) (internal citations omitted).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Meritplan's Motion to Compel Arbitration in this action [7-1] should be and is hereby **GRANTED**, and the parties in this action are to submit the disputed matter to arbitration.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons

cited herein, this case is hereby **DISMISSED WITH PREJUDICE**, and any

remaining pending motions are hereby **DENIED AS MOOT**.

      **SO ORDERED AND ADJUDGED**, this the 12th day of November, 2008.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE